```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Civil Action No.
OKINA LEBEAU,
                           Plaintiff,                            Plaintiff Demands A Trial By Jury
            -against-

ACUMEN CAPITAL PARTNERS L.L.C.,
ACP BK I L.L.C.,                                                 COMPLAINT
PEOPLE READY, INC. f/k/a LABOR
READY NORTHEAST, INC., and
JAMES GODFREY, individually, NINA DOE,

                           Defendants.
------------------------------------------------------------X
```

Plaintiff OKINA LEBEAU, by her attorneys DeTOFFOL & ASSOCIATES, Attorneys at Law, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to TITLE VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e et. Seq. ("Title VII") and to remedy violations of the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. § 1367, and the New York State Penal Law § 130.35, § 130.50 and § 130.70 and Civil Practice Law and Rules § 213-c, seeking relief and damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed including *quid pro quo* harassment, sexually raped and otherwise assaulted, discriminated and retaliated against by her former employer on the basis of gender.

**JURISDICTION & VENUE**

2. Plaintiff OKINA LEBEAU ("MS. LEBEAU") is a 44 year-old female who resides in the County of the New York, in the City and State of New York, at 80 Paladino Avenue, New York, NY 10035.

3. Defendant ACUMEN CAPITAL PARTNERS L.L.C., ("ACUMEN EMPLOYER") was and still is a domestic Limited Liability Company, duly authorized to conduct business in the State of New York, having a principal place of business at 37-18 Northern Boulevard- Suite 300, Long Island City, NY 11101.

4. Defendant ACP BK I L.L.C., ("ACP EMPLOYER") was and still is a domestic Limited Liability Company, duly authorized to conduct business in the State of New York, having a principal place of business at 37-18 Northern Boulevard- Suite 300, Long Island City, NY 11101.

5. Defendant PEOPLE READY, INC. f/k/a LABOR READY NORTHEAST, INC. ("AGENCY EMPLOYER") was and still is a foreign business corporation formed in the State of Washington, duly registered and authorized to conduct business in the State of New York, having a principal place of business at 4310 3rd Avenue, Suite 1, Brooklyn NY 11232.

6. Defendant JAMES GODFREY ("DIRECT SUPERVISOR", "GODFREY") is a 54 year old male who resides in the County of the New York, in the City and State of New York, at 154 Broome Street, New York, NY 10002.

7. Defendant NINA DOE (last name unknown) ("AGENCY SUPERVISOR", "NINA") is a female in the 40 year old age range who works in the County of Kings, in the City and State of New York.

8. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City counts.

9. Venue is proper under 28 U.S.C. §1391(b) in this district based upon a defendant's residency within the City, County and State of New York within the Southern District of New York.

10. On or about January 5, 2017, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

11. On or about September 29, 2017, Plaintiff received a letter from the EEOC permitting plaintiff's right to sue.

12. This Complaint is being filed within 90 days of receipt of the EEOC right to sue permission letter.

## **BACKGROUND**

13. The ACUMEN and ACP EMPLOYER Defendants conducted business operations in the realm of building maintenance for the commercial premises having its U.S. Postal Service street address at 630 Flushing Avenue, Brooklyn, New York 11206 ("Workplace").

14. The AGENCY EMPLOYER Defendant conducted business operations in the realm of staffing workers and personnel management, including among other places, the commercial premises having its U.S. Postal Service street address at 630 Flushing Avenue, Brooklyn, New York 11206 ("Workplace").

15. Defendant GODFREY was employed by ACUMEN and ACP EMPLOYER DEFENDANTS at the Workplace.

16. Defendant GODFREY held the titles, responsibilities and duties of Head of Maintenance, Facility Manager, Maintenance Supervisor, and Head of Security for the ACUMEN and ACP EMPLOYER DEFENDANTS at the Workplace.

17. Defendant NINA DOE was employed by AGENCY EMPLOYER Defendant at the office building premises having its U.S. Postal Service street address at 4310 3rd Avenue - Suite 1, Brooklyn, NY 11232.

18. Defendant NINA DOE, AGENCY SUPERVISOR, held the titles, responsibilities and duties of Agency Manager for the AGENCY EMPLOYER Defendant at its office location at 4310 3rd Avenue - Suite 1, Brooklyn, NY 11232.

19. Defendant NINA DOE, AGENCY SUPERVISOR, placed plaintiff Ms. LEBEAU in the Workplace with the title, responsibility and duty of maintenance worker for ACUMEN and ACP EMPLOYER Defendants.

20. On or about September 14, 2016, Ms. LEBEAU began working for the ACUMEN and ACP EMPLOYER Defendants under the direct supervision of GODFREY, the DIRECT SUPERVISOR Defendant.

21. The events leading to Ms. LEBEAU'S rape by her DIRECT SUPERVISOR GODFREY are troubling and deeply disturbing.

22. Just a few days after Ms. LEBEAU began working at the Workplace, the DIRECT SUPERVISOR GODFREY began his campaign of sexual harassment against her.

23. DIRECT SUPERVISOR GODFREY threatened to terminate her by firing, if she did not engage in sexual intercourse with him and perform oral sex on him.

24. Ms. LEBEAU was deeply concerned that she would lose her job assignment at the Workplace, and be unable to provide the necessities for her three dependent children.

25. DIRECT SUPERVISOR GODFREY repeatedly and menacingly demanded Ms. LEBEAU perform such sexual interrelations leading up to the rape, even though Ms. LEBEAU clearly objected to such behavior.

26. Ms. LEBEAU protested and attempted to resist against performing oral sex and engaging in sexual intercourse by clearing expressing to GODFREY her desire to not engage in such acts with him.

27. On or about September 26, 2016, during Ms. LEBEAU work hours while cleaning the men's bathroom on the 4th floor of the Workplace, GODFREY approached Ms. LEBEAU in the men's bathroom in an unwelcome manner, by grabbing her arms and pulling her into one of the stalls, and proceeded to forcibly and against her will engage in sexual intercourse with Ms. LEBEAU. Ms. LEBEAU repeatedly cried out "no", with nowhere to move or escape.

28. GODFREY would ominously repeat to Ms. LEBEAU that if she did not continue to perform or engage in such sexual acts, she would immediately be terminated from work.

29. Later that day on September 26, 2016, she informed Bernardo ("Ray"), a general supervisor of ACUMEN and ACP EMPLOYER Defendants who had previously been a manager at the AGENCY EMPLOYER Defendant. Ray did not process Ms. LEBEAU's complaint of the bathroom rape sexual assault to or within the ACUMEN and ACP EMPLOYER Defendants or elsewhere, and instead merely advised Ms. LEBEAU to refrain from contacting her DIRECT SUPERVISOR GODFREY GODFREY for work-related assignments.

30. Furthermore, the general supervisor Ray informed Ms. LEBEAU that he was aware of prior instances in which GODFREY previously had sexually abused multiple

5

other female workers that the AGENCY EMPLOYER staffed with the ACUMEN and ACP EMPLOYER Defendants at the Workplace.

31. Nevertheless GODFREY's sexual harassment continued when on September 27, 2016, GODFREY physically abused Ms. LEBEU by threatening Ms. LEBEAU again if she did not perform oral sex and engage in sexual intercourse with him she would be fired, knowing that Ms. LEBEAU had three dependent children, two having special needs.

32. For fear of her safety and losing her job she continued her assignment by the AGENCY EMPLOYER for ACUMEN and ACP EMPLOYERS too frightened to resist DIRECT SUPERVISOR Defendant's demands.

33. On September 28, 2016, the next day, GODFREY followed through with his tirade of abuse when during Ms. LEBEAU regularly scheduled work hours during her performance of job duties, GODFREY demanded that Ms. LEBEAU go to his car and while conveying to her that if she did not comply with his sexual demands she would be fired, coercing her with fear to lose her job.

34. Unwelcomed, while with GODFREY in his car, Ms. LEBEAU was forced to perform oral sex against her consent and desperate protests. Against her repeated attempts to resist, GODFREY physically overpowered Ms. LEBEAU and engaged in sexual intercourse despite her repeated cries and attempts against it.

35. On September 28 2016, the same day as the rape, Ms. LEBEAU necessarily presented to a nearby hospital emergency department, informing the hospital staff of the rape. The hospital administered a rape kit.

36. The hospital records report the forcible nature of the rape caused lacerations to her vagina, requiring sutures numbing medication for all the pain that resulted from the brutal and sadistic abuse of her.

37. On September 26, 2016 Ms. LEBEAU had confided in a co-worker at the Workplace, named Starshema Sockwell ("Starshema"), that she was raped by GODFREY. Starshema, like Ms. Lebeau, was hired by the AGENCY EMPLOYER and was placed at ACUMEN and ACP EMPLOYERS Defendants under GODFREY as their direct supervisor.

38. During their discussions about GODFREY, Starshema confirmed her knowledge of GODFREY having admitted to sexually harassing Ms. LEBEAU, as well as others including other previous AGENCY EMPLOYER employees named Crystal, Didi, and Leslie.

39. Starshema also informed Ms. LEBEAU that GODFREY terminated Crystal, Didi, and Leslie, previous workers of AGENCY EMPLOYER to have sex with him.

40. Starshema pled with Ms. LEBEAU, on behalf of GODFREY, to refrain from her reporting the rapes to the police authorities.

41. Ms. LEBEAU also confided in Wanda, a former AGENCY EMPLOYER staff worker at ACUMEN and ACP EMPLOYERS under GODFREY. Wanda corroborated that GODFREY had sexually harassed Wanda too on prior occasions that she had complained to supervisors and managers at AGENCY, ACUMEN and ACP EMPLOYERS.

42. The campaign of violent and disturbing sexual assaults did not end. On September 29, 2016, GODFREY approached Ms. LEBEAU after the car rape, while she was working and again verbally abused her and threatened to rape her again.

7

43. On September 30, 2016, after the car rape that took place on September 28, 2016, Defendant GODFREY threatened to come back and "see" her that afternoon for more sexual assaults.

44. However, Ms. LEBEAU, feeling utterly fearful for her life, humiliated, disgusted and violated called Barbara, a general supervisor at ACUMEN and ACP EMPLOYERS to report the first rape again, and now the second rape.

45. Barbara advised Ms. LEBEAU to inform police authorities whereupon Ms. LEBEAU left the Workplace to report the series of abuse and rapes to the local NYPD police precinct. Subsequently later that day, GODFREY was arrested by the police.

46. After GODFREY's arrest, he managed to post bail and violate an order of protection from the Criminal Court, to approach and threaten Ms. LEBEAU at her residential apartment complex, leaving her petrified with fear for her safety and the safety of her three children.

47. Around the end of October of 2016, Ms. LEBEAU discovered she became pregnant as a result of the rapes by GODFREY. The pregnancy further deepens Ms. LEBEAU's anxiety and forces her to relive the grisly events of the rape every day.

48. Defendants' actions fostered, permitted and where otherwise designed and intended to create a hostile work environment, that no reasonable person would tolerate.

49. Ms. LEBEAU has been so greatly distraught from the happening of these incidents and crimes, to such great degree that since her necessarily leaving employment at the Workplace, she has been unable to return to a meaningful vocation.

50. Mostly staying in bed and very rarely leaving her home, due to extreme depression, anxiety and fear for her own safety, Ms. LEBEAU has been diagnosed with post traumatic stress disorder and continues to suffer from anxiety, and depression.

51. Plaintiff has been unable to return to work and was forced to leave that hostile Workplace environment to avoid further sexual violations and harassment.

52. As such, Ms. LEBEAU was constructively discharged from her employers, AGENCY, ACUMEN and ACP EMPLOYERS as it was unreasonable and unfathomable for Ms. LEBEAU to continue to work in such a hostile work environment in which she was victim to dangerous and malicious rapes and repeated sexual abuses.

53. AGENCY EMPLOYER senior managers "William" and "his boss" constructively terminated Ms. LEBEAU for her complaint to AGENCY EMPLOYER about second rape by GODFREY, when "William" and "his boss" failed to provide Ms. LEBEAU with a reasonable accommodation by way of an alternate job site.

54. ACUMEN and ACP EMPLOYERS are liable because GODFREY is a direct supervisor with hiring and firing authority.

55. ACUMEN and ACP EMPLOYERS are liable because GODFREY they failed to engage in an interactive process to allay GODFREY offenses subsequent to the bathroom rapes.

56. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law

57. Plaintiff Ms. LEBEAU, demands Punitive Damages against Defendants.

58. Ms. LEBEAU seeks reinstatement, back pay, front pay, all lost wages and earning capacity, punitive damages, damages for past and future emotional distress, physical injuries, medical expenses and attorney's fees.

## AS A FIRST COUNT
## FOR DISCRIMINATION UNDER TITLE VII
### (Sex Discrimination)

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII states in relevant part as follows: SEC. 2000e-2. *[Section 703]* (a) "Employer practices It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ..…".

61. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of her sex and gender, including *quid pro quo* sexual harassment.

## AS A SECOND COUNT
## FOR DISCRIMINATION UNDER TITLE VII
### (Retaliation)

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

64. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or

privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD COUNT
## UNDER NYS STATE LAW § 213-c
## BY VICTIM OF CONDUCT CONSTITUTING CERTAIN SEXUAL OFFENSES
### (Aggravated Sexual Abuse In The First Degree)

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. New York State Penal Law § 130.35 provides as follows:

Rape in the first degree:
A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more.

67. New York State Penal Law § 130.50 provides as follows:

Criminal sexual act in the first degree:
    A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person:
    1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more."

68. New York State Penal Law §130.70 of the provides as follows:

Aggravated sexual abuse in the first degree:
A person is guilty of aggravated sexual abuse in the first degree when he inserts a foreign object in the vagina, urethra, penis or rectum of another person causing physical injury to such person:
   (1) By forcible compulsion; or
   (2) Who is incapable of consent by reason of being physically helpless;
   Aggravated sexual abuse in the first degree is a class B felony.

69. Defendant Boss violated the herein sections as set forth herein.

70. § 213-c of the Civil Practice Law and Rules provides as follows:

§ 213-c.   Action by victim of conduct constituting certain sexual offenses

"Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years.  As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts.  Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action."

71.    Defendant Boss is civilly liable under CPLR § 213-c for violating all of the above Sections of the New York State Penal Law as described above.

72.    Defendants violated the above law as set forth herein.

### AS A FOURTH COUNT
### FOR DISCRIMINATION UNDER STATE LAW
### (Sex Discrimination)

73.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74.    Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to

discriminate against such individual in compensation or in terms, conditions or privileges of employment."

75. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and hostile work environment, including *quid pro quo* sexual harassment.

76. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FIFTH COUNT
## FOR DISCRIMINATION UNDER STATE LAW
### (Retaliation)

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

79. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A SIXTH COUNT
## FOR DISCRIMINATION UNDER STATE LAW
### (Aid & Abet)

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

82. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SEVENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (NYS Common Law)

83. Plaintiff repeats and realleges each and every allegation made in the complaint as if they were set forth herein fully at length.

84. Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

85. Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

86. Defendants caused plaintiff to fear for Plaintiff's own safety.

87. Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

88. As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS AN EIGHTH COUNT
## ASSAULT AND BATTERY
### (NYS Common Law)

89. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

90. That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants, their agents, servants and/or employees, suddenly and without provocation did physically assault and batter Plaintiff herein and did cause unwelcome contact, causing the Plaintiff to sustain damages; in that Defendants did conduct themselves in a wanton, willful, reckless and heedless manner without regard for safety of the Plaintiff herein; in that said Defendant was physically abusive; in behaving in a disorderly manner; in using unnecessary, excessive and unlawful touching against the Plaintiff; and willfully and maliciously assaulting the Plaintiff herein.

91. Plaintiff was damaged thereby.

### AS A NINTH COUNT
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Gender Discrimination)

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

93. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

94. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining

15

discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, sexual harassment and hostile work environment, including *quid pro quo* sexual harassment.

95. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

### AS A TENTH COUNT
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Retaliation)

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

97. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

98. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS AN ELEVENTH COUNT
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Aid & Abet)

99. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

100. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

101. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A TWELFTH COUNT**
**FOR DISCRIMINATION UNDER THE**
**NEW YORK CITYADMINISTRATIVE CODE**
**(Retaliation)**

102. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

103. Section 8-107(19), Entitled Interference with Protected Rights provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

104. Defendants violated the above section as set forth herein.

**AS A THIRTEENTH COUNT**
**FOR DISCRIMINATION UNDER THE**
**NEW YORK CITY ADMINISTRATIVE CODE**
**(Supervisory Liability)**

105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

106. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
i.   the employee or agent exercised managerial or supervisory responsibility; or
ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
iii.the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

107.   Defendants violated the above section as set forth herein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands against Defendants on all Counts in an amount which exceeds the jurisdiction of all lower courts and issue:

(a)   An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to lost wages, past and future as well as for the humiliation, pain and suffering and emotional distress sustained;

(b)   An award of punitive damages in an amount to be determined at trial;

(c)   An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law; and

(d)   Such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues to be tried.

Dated: New York, New York
November 10, 2017

Yours, etc.,

By: _____

David J. DeToffol, Esq.
DeTOFFOL & ASSOCIATES, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, New York 10038
(212) 962-2220
Attorneys for Plaintiff